

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

————————————————

No. 06-12-00050-CR

————————————————

JEREMIAH JOHN RATER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 24459

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Jeremiah John Rater has filed pro se a notice of appeal from his conviction of robbery, repeat offender. On our review of the clerk's record, we noted that the trial court's certification of right of appeal stated that this was a plea agreement case and that Rater has no right of appeal.

Unless a certification, showing that a defendant has the right of appeal, is in the record, we must dismiss the appeal. *See* TEX. R. APP. P. 25.2(d).

Because the trial court's certification affirmatively shows Rater has no right of appeal, and because the record before us does not reflect that the certification is incorrect, *see Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005), we must dismiss the appeal.

Further, Rater's sentence was imposed September 2, 2011. His notice of appeal was filed April 2, 2012. We received the clerk's record April 4, 2012. The issue before us is whether Rater timely filed his notice of appeal. We conclude that he did not and dismiss the attempted appeal for want of jurisdiction.

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Rule 26.2(a) prescribes the time period in which a notice of appeal must be filed by a defendant in order to perfect appeal in a criminal case. A defendant's notice of appeal is timely if filed within thirty days after the day sentence is imposed or suspended in open court, or within ninety days after sentencing if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a)(2); *Olivo*, 918 S.W.2d at 522. The record does not

2

contain a motion for new trial. The last date Rater could timely file his notice of appeal was October 3, 2011, thirty days after the day the sentence was imposed in open court. *See* TEX. R. APP. P. 26.2(a)(1). Further, no motion for extension of time was filed in this Court within fifteen days of the last day allowed for filing the notice of appeal.

We provided notice to Rater, requesting that he show this Court how we had jurisdiction over this appeal. We have received Rater's response, and considered it. We do not find it to be persuasive.

Rater has failed to perfect his appeal. Accordingly, we dismiss the appeal for want of jurisdiction.

Bailey C. Moseley
Justice

Date Submitted:     April 24, 2012
Date Decided:       April 25, 2012

Do Not Publish

3